DODGE, Trustee, *v.* FEAREY and others.

*(Circuit Court, N. D. New York. June, 1881.)*

1. INGALLS & BUDDING'S PATENTS—BOOT AND SHOE MACHINE—INFRINGEMENT.

    If the correct construction of Ingalls & Budding's patents require that one element of their combination shall consist of a holding mechanism in which a shoe, while being polished, is held more or less rigidly, one who dispenses with such mechanism may or may not effect a practical improvement, but he has done that which distinguishes his machine from the class to which these patents refer, and has not appropriated their inventions.

*Wadleigh Fish* and *Chauncey Smith,* for complainant.

*J. E. Maynadier,* for defendants.

WALLACE, D. J. It will not be expected that this court will disregard the deliberate judgment of Judge Shepley in *Sweetser* v. *Holmes* upon the precise questions presented now, and place itself in direct antagonism to his conclusions, unless contrained to do so by the clearest convictions that he erred. That judgment is entitled not only to the respect due to a court of co-ordinate authority, but also to the high consideration due to the deliberate conclusions of a judge of large learning and experience in patent causes.

In *Sweetser* v. *Holmes* Judge Shepley construes the complainant's patents to belong to a class of inventions in which there is a combi-

nation of certain mechanism for holding the sole or heel of the shoe (or both) to be polished with the mechanism of the polishing tool, under such conditions of mechanical combination that either the holding mechanism can be so moved as to bring the heel of the shoe in proper relations to the polishing tool, or the polishing tool can be so operated as to bring it into proper relations with the heel by means of the holding mechanism; and his judgment was that in the defendant's machine there is no attempt to combine a shoe-holding mechanism with the polishing tool so that the two will operate properly together.

The criticism made upon his statement that there is no attempt in the defendant's machine to combine a shoe-holding mechanism with the polishing tool, so that the two will operate properly together, is unwarranted, because it is obvious that he does not mean any kind of shoe-holding mechanism, but refers to such as travel in a fixed path in relation to the polishing tool, and within certain limits maintains the heel adjustably in this relation.

Aside from the weight to be accorded to his judgment as authority, I agree with his conclusions both as to the construction of the complainant's patents and as to the question of infringement, and am of the opinion that in the defendant's machine the shoe-holding mechanism of the complainant's patent is dispensed with.

It may be forcibly urged that a narrower construction of the complainant's patents should be adopted than was necessary in the case before Judge Shepley, or is necessary in this case. There is much to indicate that in the Ingalls & Budding patents the shoe-holding mechanism is designed to hold the shoe rigidly, although the mechanism itself is to be adjustable in its relations with the polishing tool by the manipulation of the operator, and is especially contrived with this view. Plainly, the object of the second Budding patent was to remove the practical difficulty resulting from this feature of the mechanism, and he devised a mechanism which could be more freely manipulated by the operator, thus allowing the shoe to be more freely turned and guided. But it does not appear to have been conceived by Budding that the true way to obviate the difficulty was by dispensing with all devices for rigidly holding the shoe during the polishing operation, and substituting such as would enable the operator to guide and control the shoe by holding it in his hands. If the correct construction of complainant's patents requires that one element of their combination shall consist of a holding mechanism, in which the shoe is rigidly held by the mechanism, the defendant, by dispensing

with this, may or may not have effected a practical improvement, but he has done that which distinguishes his machine from the class to which the complainant's patents refer, and has not appropriated the invention conceived by Ingalls or Budding.

The bill is dismissed, with costs.